UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**NORTHERN DIVISION AT ASHLAND**

| | | |
|---|---|---|
| ROBBIE WAYNE MCGRANAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:14-CV-83-JMH |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of | ) | **MEMORANDUM OPINION & ORDER** |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment (DE 10, 11) on Plaintiff's appeal, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of his application for disability insurance benefits.[1] The Court, having reviewed the record and the parties' motions, will deny both motions.

**I.**

The Administrative Law Judge ("ALJ"), conducts a five-step analysis to determine disability:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id*.

## II.

On April 25, 2011, Plaintiff filed an application for disability insurance benefits (DIB), alleging disability beginning April 1, 2011. (Tr. 92). After this application was denied, Plaintiff pursued and exhausted his administrative remedies before the Commissioner. (Tr. 1-6, 92-100, 107-129). This case is ripe for review pursuant to 42 U.S.C. § 405(g). *See* 20 C.F.R. 422.210(a)

Plaintiff was 42 years old at the time he claimed to become disabled due to a variety of problems with his neck and back and 43 years old on the date of the ALJ's hearing decision. (*See* Tr. 89, 130, 222). Plaintiff completed the eleventh grade and has worked as a construction laborer, auto mechanic, and tow truck operator. (Tr. 223).

In her decision, the administrative law judge (ALJ) found that Plaintiff had severe impairments consisting of chronic cervical, thoracic, and lumbar strain, multilevel degenerative disc disease, chronic arthralgias, and osteoarthritis. (Tr. 94, Finding no. 3). She found, as well, that none of Plaintiff's impairments were per se disabling under the Listing of Impairments (the listings). (Tr. 95, Finding no. 4); *see* 20 C.F.R. part 404, subpt. P, app. 1. In light of the evidence

presented, the ALJ determined that Plaintiff had the residual functional capacity to perform light work; could lift and carry 50 pounds occasionally and 25 pounds frequently; could sit and stand and/or walk for six hours apiece in an eight-hour workday; could frequently climb ramps/stairs; could never climb ladders, ropes, or scaffolds; could frequently stoop, kneel, crouch, or crawl; could not reach overhead with either arm; and needed to avoid concentrated exposure to vibration. (Tr. 95-98, Finding no. 5). Having concluded that Plaintiff could not return to his past relevant work at step four of the analysis, the ALJ relied on vocational expert testimony at step five to find that Plaintiff could perform other jobs such as usher, surveillance system monitor, inspector, and sorter, and she concluded that Plaintiff was not disabled. (Tr. 98-100).

Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

### III.

Pursuant to 42 U.S.C. § 405(g), this Court reviews this administrative decision to determine "whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citing *Rogers v. Comm'r*

4

*of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)) (internal quotation marks omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)) (internal quotation marks omitted). In other words, as long as an administrative decision is supported by "substantial evidence," this Court must affirm, regardless of whether there is evidence in the record to "support a different conclusion." *Lindsley*, 560 F.3d at 604-05 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)) (internal quotation marks omitted) ("administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion"). A reviewing court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

## IV.

Plaintiff argues, generally, that the ALJ erred in her treatment and evaluation of his treating physician's opinion. In the first instance, he argues that the ALJ failed to evaluate all medical opinions received as required in 20 C.F.R.

5

§404.1527(c) because she did not discuss her rejection of Dr. Stepp's opinion on his RFC and, ultimately, failed to give proper weight to Dr. Stepp's opinion.  On a related note, he argues that the ALJ erred in favoring the opinions of a non-examining consultative physician, Dr. Reed, over that of his treating physician.  Finally, he argues that the ALJ erroneously relied upon the Reed's opinion because Reed did not have access to all of his medical records, specifically those related to his MRI in 2012 or Stepp's opinion on his RFC.  For the reasons which follow, the Court disagrees.

The Court first considers Plaintiff's assertion that the ALJ erred by "rel[ying] on" the opinion of a non-examining agency physician, Dr. Jack Reed, while also declining to give controlling weight to Dr. Stepp's opinion (Pl. Br. 8-9), in formulating her assessment of Plaintiff's residual functional capacity.  Certainly, the current regulations do not require the ALJ to automatically adopt the opinion of a treating physician like Dr. Stepp, or give it greater weight than other opinions; instead, the ALJ evaluates that opinion to determine whether it is entitled to controlling weight, and if not, how much weight to which it is entitled. See 20 C.F.R. § 404.1527(c).  Further, state agency medical consultants are highly qualified

6

professionals who are also experts in Social Security disability evaluation and, in the proper circumstances, an ALJ may afford their opinions more weight than that of a treating physician. *See* 20 C.F.R. § 404.1527(e)(2)(i); *see, e.g., Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 651 (6th Cir. 2006) (en banc) (affirming ALJ's decision adopting reviewing physician's opinion over treating physician's opinion).

In this instance, the ALJ appears to have rejected, somewhat inartfully, Dr. Stepp's October 2012 opinion as treating physician when she identified specific reasons for incorporating Dr. Reed's 2011 opinion into her residual functional capacity finding, stating that she found that the MRI findings in the record were mild and functional testing did not reveal any radiculopathy or neuropathy (Tr. 97-98). In giving great weight to state agency consulting physician Dr. Reed's opinion, the ALJ concluded that Plaintiff do light work, less than the medium work to which Dr. Reed opined, but could lift 50 pounds occasionally and 25 pounds frequently and could not perform overhead reaching.[2] (Tr. 147-50). Despite her reliance

---

[2] Dr. Stepp stated that Plaintiff could sit and stand/walk less than two hours in a day; occasionally lift 20 pounds; frequently lift 10 pounds; occasionally bend, stoop, and balance; frequently climb ladders and stairs; and would be absent more than four days a month due to his impairments (Tr. 97, 599).

on the MRI findings to support her decision to give greater
weight to Dr. Reed's opinion, the ALJ did not account, however,
for the fact that both Drs. Stepp and Reed had an opportunity to
review Plaintiff's MRI results from October 1, 2009 but only Dr.
Stepp, who issued her assessment of Plaintiff's functional
capacity in 2012, had the benefit of the results of a July 26,
2012 MRI, which indicated a wedge deformity at the L1 level, a
hemangioma in the L1 vertebral body "which is unchanged,"
degenerative changes, and hypertrophic facet change, and which
she compared to the October 1, 2009, MRI results. (Tr. at 600.)

In other words, while the Court is not immediately
persuaded that the ALJ has adequately articulated why Dr.
Stepp's opinion is not entitled to controlling weight, 20 C.F.R.
§ 404.1527(c) ("When we do not give the treating source's
opinion controlling weight, we apply the factors listed in
paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as
the factors in paragraphs (c)(3) through (c)(6) of this section
in determining the weight to give the opinion. We will always
give good reasons in our notice of determination or decision for
the weight we give your treating source's opinion."), it is
certain that the decision as it stands is not supported by
substantial evidence because the ALJ relied upon and adopted as

her own the opinion of a state agency consulting physician who did not have all of the relevant evidence from the record before him in assessing the case and stating an opinion, namely the 2012 MRI findings. It may be that the 2012 MRI findings are so substantially similar to the 2009 MRI findings to make that fact meaningless, but the ALJ would need to rely on opinions from medical experts to determine whether the difference or lack thereof is medically meaningful and explicitly state that or any other "good reasons" for her decision to discount the opinion of the treating physician, Dr. Stepp.

As a practical matter, the ALJ is not qualified to assess the Plaintiff's RFC on the basis of bare medical findings, and an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence. Where the "medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) ... [the Commissioner may not] make the connection himself." *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (quoting *Rohrberg v. Apfel*, 26 F. Supp.2d 303, 311 (D. Mass. 1998)). In this instance, since Dr. Reed could not have reviewed the MRI findings from

2012 before completing his 2011 assessment upon which the ALJ relied and the ALJ has failed to provide any reason why this fact was not meaningful in her analysis, the Court must presume that she made the connection between the medical findings in the record and the specific residual functional capabilities of the Plaintiff vis à vis those medical findings herself. This is not permitted. As such her reliance on the expert testimony of the vocational expert to reach the conclusion that jobs were available that Plaintiff could do and that Plaintiff was not disabled is flawed, for the hypothetical question asked of the vocational expert was not supported by substantial evidence of record. *See Varley v. Secretary of Health and Human Services*, 820 F.2d 777 (6th Cir. 1987) ("Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.")

While a finding of no disability at either step four or step five of the sequential evaluation may be appropriate, the evidence of Plaintiff's spinal disease compels the need for the opinion of a medical source to assist in the translation of that raw medical data into functional limitations. It is not this

10

Court's errand to try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). It is, however, this Court's errand to determine whether substantial evidence supports the Commissioner's decision. Under these circumstances, a remand is necessary to obtain a proper medical source opinion to support the ALJ's residual functional capacity finding, whatever it may be upon remand. The ALJ should also take great care to properly articulate her rationale for the weight she affords the treating physician's opinion in any future decision should she discount it in any way.

V.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED;** and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **DENIED.**

(3) that this action be remanded to the Commissioner for further proceedings consistent herewith pursuant to sentence four of 42 U.S.C. § 405(g).

11

This the 1st day of October, 2015.



Signed By:

_**Joseph M. Hood**_

Senior U.S. District Judge